08-4923-ag
Mayancela-Minchala v. Holder

BIA
Adkins-Blanch, IJ
A098 322 731

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand eleven.

PRESENT:
>    DENNIS JACOBS,
>        *Chief Judge,*
>    ROBERT D. SACK,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

LUIS MAYANCELA-MINCHALA,
>    *Petitioner,*

>    v.                                       08-4923-ag
>                                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,*
>    *Respondent.*

_____

FOR PETITIONER:          Glenn T. Terk, Wethersfield,
                         Connecticut.

_____

>    * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Luis Mayancela-Minchala, a native and citizen of Ecuador, seeks review of a September 4, 2008, decision of the BIA affirming the June 25, 2007, decision of Immigration Judge ("IJ") Charles Adkins-Blanch, pretermitting his asylum application as untimely and denying his claims for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Luis Mayancela-Minchala*, No. A098 322 731 (B.I.A. Sept. 4, 2008), *aff'g* No. A098 322 731 (Immig. Ct. Hartford June 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable

standards of review are well-established.  8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Asylum**

Because Mayancela-Minchala challenges only the IJ's factual determination that he did not demonstrate extraordinary circumstances excusing the untimely filing of his asylum application, we are without jurisdiction to review the IJ's pretermission of his asylum application. *See* 8 U.S.C. § 1158(a)(3).  We dismiss the petition for review to this extent.

**II.  Withholding of Removal**

Mayancela-Minchala waives any challenge to the IJ's finding that he did not sufficiently corroborate his claims of past and future persecution based on his imputed political opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).  That finding alone was dispositive with regard to Mayancela-Minchala's application for withholding of removal. *See Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009) (holding that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence

3

corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected" (quoting *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see also Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir. 2007) (denying petition for review because petitioner failed to challenge dispositive ground for relief).

In any event, the agency's alternative findings for denying Mayancela-Minchala's application for withholding of removal were not in error. As the agency found, Mayancela-Minchala provided no solid direct or circumstantial evidence that his father's political activities were imputed to him and provided "one central reason" motivating his alleged persecutors. *See Yueqing Zhang*, 426 F.3d at 545; *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 344-48 (BIA 2010) (applying the "one central reason" standard to withholding of removal claims). Moreover, the agency did not err in finding that Mayancela-Minchala failed to demonstrate a likelihood of future persecution by satisfying his burden of establishing that it would not be reasonable for him to relocate. *See* 8 C.F.R. § 1208.16(b)(3)(i).

**III. CAT Relief**

Mayancela-Minchala does not challenge the agency's

4

denial of his application for CAT relief and we deem any such argument waived.  *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5